USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT MCNAUGHT,

                Petitioner,        08 Civ. 2998 (JGK)

     - against -              MEMORANDUM OPINION AND ORDER

UNITED STATES OF AMERICA,

                Respondent.

JOHN G. KOELTL, District Judge:

The Court received the attached pro se letter from the petitioner dated **April 22, 2009.** The letter raises three issues.

First, the petitioner requests to be released on bail pending the decision of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, which is currently pending before the Court. However, "'a habeas petitioner should be granted bail only in unusual cases, or when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2003) (quoting Ostrer v. United States, 584 F.2d 594, 596 n.1 (2d Cir. 1978)). "The petitioner must demonstrate that the habeas petition raises substantial claims and that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective." Id. (internal quotation marks and alterations omitted). In this case, the

petitioner has failed to show that extraordinary circumstances exist or that the habeas petition raises substantial claims. Therefore, the application for bail is **denied.**

Second, the petitioner requests permission to attend a state proceeding to be held on May 15, 2009 relating to his state parole status. Counsel for the petitioner is directed to explore any available means to allow the petitioner to attend any state court proceeding where the petitioner's appearance is required.

Third, the petitioner represents that he is not receiving needed medical care at the MCC. The respondent is directed to provide the Court with a report on the state of the petitioner's medical treatment at the MCC by **May 8, 2009.** The respondent should also provide a statement by the relevant medical personnel with respect to what, if any, further medical treatment is necessary for the petitioner.

SO ORDERED

DATED: New York, New York
       April 29, 2009

_____
John G. Koeltl
United States District Judge

ROBERT JOHN MCNAUGHT

50716-054 MCC/NY
150 Park Row
New York NY 10007



April 22, 2009

Hon. John G. Koeltl
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1030
New York NY 10007

      Re: *Pro Se* Application for Bail Release
         Pending *Habeas Corpus* Proceeding;
         Fed. R. App. p.23., McNaught v. United States,
         08CIV, 2998 (JGK)

Dear Judge Koeltl:

This application for bail release (personal recognizance) pending the 28 USC 2255 petition is submitted to the Court for review and approval under Rule 23 of the Rules of Appellate Procedure and respectfully requested before May 15, 2009. I first broached all the issues in this application to the Court during the hearing for new counsel held on January 22, 2009; since that time, my multiple telephonic and written requests directing my newly appointed counsel, Mr. Joel M. Stein, to file this application with the Court on my behalf, have been ignored. At this time, I therefore submit this application to the Court as a *pro se* applicant and under somewhat exigent circumstances; hence, the request for granting before May 15, 2009.

As a preliminary matter, I am detained under the Court's writ pending the 28 USC 2255 petition, and Federal Courts have inherent authority to grant bail to detainees, such as *habeas* petitioners, as discussed in Mapp v. Reno, 241 F. 3rd 221 (2d Cir. 2001). Although the standard for bail pending *habeas* litigation is somewhat difficult to meet in that the petitioner must demonstrate that the *habeas* petition raises substantial claims and that extraordinary circumstances exist that make the granting of bail necessary to make the *habeas* remedy effective, see Grune v. Coughlin, 913 F. 2d (2d Cir. 1990).

The facts and circumstances in my petition detail two simultaneous collateral attacks; the second was discussed *pro se* during the Court's hearing on March 20, 2009, and is against

*Page 1*

Hon. John G. Koeltl
April 22, 2009

Page 2

the state conviction: the sole evidence, and justification for the VOSR and sentence. The state petition will be heard on May 15, 2009, and if successful, will cancel the VOSR and sentence.

The petition before the Court has raised multiple and substantial claims, but even more significant claims are contained in the motion to vacate the state conviction which contains *prima facie* evidence of constitutional offenses. The extraordinary circumstances are centered in the fact that the state sentence is fully served. An almost certain favorable decision in state court would alleviate the risk of further unjustified imprisonment with no possibility of adjustment at re-sentencing.

Further extraordinary reasons for bail include the fact that I suffer from both physical and mental health illnesses; namely: a stroke (lacunar infarction), vertigo and dizziness caused by Meniere's Syndrome, and a major depression disorder. I have received neither treatment nor medication for these conditions since my arrival at the MCC in October 2008, this despite having received full treatment at two state facilities, and even arriving on writ to the MCC with the medication in hand. In fact, this same lack of medical care and medication also occurred on the writ for the VOSR plea and sentencing, from October 2006 through December 2006. The sad irony of this lack of care, and further justification for bail, is the fact that the Court recommended imprisonment at Federal Medical Center (FMC) Ft. Devens, a facility best suited to my medical needs.

The ill effects of the lack of medical care is further compounded by the squalid and overcrowded conditions at the MCC. Many judges in the Southern District, as well as those in the Second Circuit, are aware of the severe conditions at the MCC. These conditions have been enumerated, discussed and mitigated in many SDNY decisions: US v. Fransis, 129 F. 2d 612 (SDNY 2001); US v. Carty, 264 F. 3rd 191 (CA2 1991); and Gitten v. LeFevre, 891 F. 2d 38 (CA2 1991).

My history of reporting to the Court as directed while released on bail is beyond reproach. The Court granted bail in July 2001 for the original offense. I remained on bail until December 2002, when I was first sentenced. In august 2005 I was granted bail (personal recognizance) by the Court for the VOSR warrant, and remained on bail until September 2006.

In furtherance of a previous discussion before the Court (See Hearing, 3-20-09.) regarding the writ and the recent state parole release; it should be noted hereunto this

Hon. John G. Koeltl
April 22, 2009

Page 3

application that I was granted early parole release effective March 12, 2009, and should be further noted that the New Jersey Parole Commission has deemed me to be rehabilitated insomuch as one not likely to offer or pose a danger to the safety of any person or the community. Furthermore, a component of the parole review process included approval contingent upon inspection of my parole residence and interview of my parents, William and Nora McNaught, the home's occupants and parole supporting family.

A status conference for the state Post Conviction Relief (PCR) petition was held on April 17, 2009. Due to my detention under the Court's writ, I was not produced by the state court for attendance. The actual motion will be heard on May 15, 2009, before the Honorable Robert C. Billmeier. J.S.C., in Trenton, New Jersey. My assigned counsel is Robert H. McGuigan, Esq., Princeton, New Jersey. Bail release before this date will allow me fuller access to the New Jersey court and all hearings; but most importantly, unrestricted and unlimited access to my assigned state counsel for such things as privileged telephone calls and conferences, which I do not have at this time.

It is understandable that some sort of court order could certainly result in my custodial attendance at the state hearing along with an extended stay at the county jail in Trenton, New Jersey. But I beg the Court to grant the bail release out of consideration for my circumstances and the fact that, to date, I have spent more than ten months in the MCC for the adjudication of the VOSR and the current petition thereof; it has indeed been harsh.

I do not feel that I was represented properly for the entirety of this VOSR adjudication, including present counsel. Bail release will allow me to more effectively and proactively litigate the two petitions before the respective courts.

Respectfully submitted,

*Robert J. McNaught* (signature)
Robert John McNaught

cc:   Asst. U.S. Attorney Christopher LaVigne
      Asst. U.S. Attorney Carrie Cohen
      Joel M. Stein, Esquire
      Robert H. McGuigan, Esquire